UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MASODY,<br><br>  Plaintiff,<br><br>v.<br><br>BASIA B. KLOPOT, et al.,<br><br>  Defendants. | Case No. 14-cv-04562-MEJ<br><br>**ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 14 |

## INTRODUCTION

Plaintiff John E. Masody ("Plaintiff") brings this case under 42 U.S.C. § 1983, alleging that Defendants Raquel Cantillon and Sgt. Donleavy ("Defendants") falsified a police report, which led to Plaintiff losing custody of his child and being wrongfully accused of domestic violence. Pending before the Court is Defendants' Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. No. 14. Plaintiff has filed an Opposition (Dkt. No. 19) and Defendants filed a Reply (Dkt. No. 20). The Court finds this matter suitable for disposition without oral argument and VACATES the April 2, 2015 hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Defendants' Motion for the reasons set forth below.

## BACKGROUND

Plaintiff's claims stem from state court family law proceedings. On July 28, 2013, Defendants responded to a domestic violence related incident between Plaintiff and Basia Klopot, the mother of Plaintiff's child. Am. Compl. ("AC") at 4.[1] Plaintiff alleges that he made multiple calls to the Walnut Creek Police Department "to avoid [Ms. Klopot's] fraudulent usage of

---

[1] In his initial Complaint, Plaintiff attached 81 pages of documents, including state court documents. Dkt. No. 1. Plaintiff has incorporated by reference such documents into his AC. *See* Am. Compl. at 5, Dkt. No. 7. Because these documents are incorporated by reference into the operative complaint, the court can consider them. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

domestic violence law," and Defendants arrived two hours later. *Id.* Plaintiff alleges that Defendants "filed falsified police report and refused to provide [him] with a copy of their report. . . ." *Id.* Plaintiff claims that he was harmed because "[Ms. Klopot] used that report against me in the Contra Costa Superior court, Judge Jill [Fannin] used that report and additional falsified information of [Ms. Klopot] made wrongful orders against me, that cost me my life without my son of losing him and wrongfully accused of domestic violence for years." *Id.*

On July 30, 2013, Ms. Klopot filed a Request for Child Custody and Visitation Orders ("DV-105 Petition") with regard to her and Plaintiff's child. *See* Initial Compl. ("IC") at 47-55, Dkt. No. 1. In her DV-105 Petition, Ms. Klopot described the July 28 incident and attached the corresponding police report. *Id.* at 48. Ms. Klopot also filed a Request for Domestic Violence Restraining Order against Plaintiff ("DV-100/101 Petition"). IC at 28-29. On July 31, 2013, the Contra Costa Superior Court issued Ms. Klopot a Temporary Restraining Order against Plaintiff, preventing him from contacting Ms. Klopot and their child. *Id.* at 27.

Plaintiff filed an undated Response to Ms. Klopot's DV-100/101 and DV-105 Petitions indicating, among other things, that Ms. Klopot "fool me, the police, your honor" and that on July 28, 2013, Ms. Klopot "goes from making victims, to becoming a victim, reporting expertly and convincingly to Walnut Creek Police Department. . . ." *Id.* at 56-61. Plaintiff also stated that he was served with court orders in the family law proceedings that purposefully excluded the July 28, 2013 police report. *Id.* at 57 ("On August 2013 I was served the orders with missing [pages], DV-105 which describes reasons for the orders excluding the police reports").

On August 21, 2013, the Contra Costa County Superior Court issued Ms. Klopot a three-year Domestic Violence Restraining Order against Plaintiff, preventing him from contacting her and their child. *Id.* at 63. On October 23, 2013, the Contra Costa County Superior Court ordered sole legal and physical child custody to Ms. Klopot, with potential therapeutic visitation for Plaintiff. *Id.* at 34-39. Plaintiff was also ordered to enroll in a 52-week Batterers Intervention Program. *Id.* Plaintiff appealed, but on June 16, 2014, the California First Appellate District Court confirmed that Plaintiff's appeal was dismissed, and on July 30, 2014, the California Supreme Court denied review. *Id.* at 7-14.

On October 10, 2014, Plaintiff filed the initial Complaint in this matter against Defendants, Ms. Klopot, and Judge Fannin (erroneously sued as "Fannan"), who presided over the underlying family law proceedings. Dkt. No. 1. On October 23, 2014, the Court granted Plaintiff's Application to Proceed In Forma Pauperis and dismissed the IC with leave to amend. Order, Dkt. No. 6. In his IC, Plaintiff alleged federal question jurisdiction, claiming that Defendants violated: "Civil Rights, Discrimination, Obstruction of Justice, Perjury." IC at 2. Although he did not specify the basis for federal question jurisdiction, the Court construed Plaintiff's allegations as a claim under 42 U.S.C. § 1983. Order at 5. However, since Plaintiff did not allege what, if any, constitutional rights were violated, the Court dismissed the IC with leave to amend so that he could specify the constitutional rights that were implicated by his allegations.[2] *Id.*

On November 26, 2014, Plaintiff filed his Amended Complaint against Defendants. Dkt. No. 7. In his AC, Plaintiff contends that Defendants "violated my constitutional rights" by filing a falsified police report and refusing to provide him with a copy of the report in preparation for the family law proceedings. *Id.* at 4. Plaintiff demands full physical and legal custody of his son, as well as monetary damages. *Id.* at 8. On January 15, 2015, Defendants filed their Answer to Plaintiff's AC. Dkt. No. 12. They now move for judgment on the pleadings on the ground that Plaintiff has failed to state a viable § 1983 claim.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotations and citation omitted). "The Court inquires whether the complaint

---

[2] The Court dismissed Plaintiff's claims against Ms. Klopot without leave to amend, finding that Plaintiff could not plausibly allege that she is a state actor for purposes of a § 1983 claim, and that disputes regarding child custody and domestic relations are matters within the state court's domain. *Id.* at 5-6. The Court also dismissed his claims against Judge Fannin without leave to amend, finding that she is immune from liability while acting within the course and scope of her judicial duties. *Id.* at 6-7.

3

1   at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that is
2   plausible on its face.'" *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting
3   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "'Judgment on the pleadings is properly granted
4   when [, accepting all factual allegations in the complaint as true,] there is no issue of material fact
5   in dispute, and the moving party is entitled to judgment as a matter of law.'" *Chavez*, 683 F.3d at
6   1108 (quoting *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)).

## DISCUSSION

In their Motion, Defendants argue that Plaintiff's AC fails to identify a specific federal right forming the basis of his §1983 claim. Mot. at 5. While Plaintiff alleges that Defendants filed a falsified police report and refused to provide him with a copy, Defendants contend that they could not have known or have been expected to know whether Plaintiff was innocent, given Ms. Klopot's report to them. *Id.* at 6. Defendants note that Plaintiff does not allege that they used overly coercive or abusive investigative techniques that they knew or should have known would yield false information. *Id.* at 7. Instead, the AC indicates that Defendants believed Ms. Klopot's allegations over his, which they argue is insufficient to support a deliberate fabrication of evidence claim. *Id.*

In response, Plaintiff maintains that he "told the truth about the incident" and requests that the Court subpoena all audio and video recordings of the Contra Costa County Superior Court proceedings, as well as his telephone records from 2010 through 2014, which he contends will show that he repeatedly called the Walnut Creek Police Department seeking officer assistance. Opp'n at 3-4. He argues that Defendants continued to hide the police report from him "to make sure I [did] not get none of the facts so I could properly defend myself in Superior court." *Id.* at 14.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Ninth Circuit has recognized "a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was

4

deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001); *see also Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010) (relying on *Devereaux* to hold that a state investigator "who deliberately mischaracterizes witness statements in her investigative report also commits a constitutional violation"); *Arden v. Kastell*, 553 F. App'x 697, 698 (9th Cir. 2014) (reversing district court's grant of summary judgment where genuine issue of fact existed regarding whether detective violated plaintiff's due process rights by falsifying a police report, thereby causing plaintiff to be prosecuted).

To sustain a deliberate fabrication of evidence claim, a plaintiff "must, *at a minimum*, point to evidence that supports at least one of the following two propositions: (1) Defendants continued their investigation of [Plaintiff] despite the fact that they knew or should have known that he was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." *Devereaux*, 263 F.3d at 1076 (emphasis in original). *Devereaux* imposes a "stringent test" for pleading deliberate fabrication of evidence claims. *Gausvik v. Perez*, 345 F.3d 813, 817 (9th Cir. 2003).

Here, in both his AC and Opposition, Plaintiff fails to allege facts sufficient to meet the first *Devereaux* criteria. Plaintiff does not allege that Defendants continued their investigation, despite the fact that they knew or should have known that he was innocent. On the contrary, Plaintiff admits that Defendants based their investigation on Ms. Klopot's "reporting expertly and convincingly to the Walnut Creek Police Department," and that Ms. Klopot "fool[ed] . . . the police." IC at 56-61. If Ms. Klopot in fact fooled Defendants with her convincing allegations against Plaintiff, then Defendants could not have known or have been expected to know that Plaintiff was innocent. Plaintiff's allegation that he made multiple calls to the Walnut Creek Police Department "to avoid [Ms. Klopot's] fraudulent usage of domestic violence law" would not change the admitted fact that Defendants believed Ms. Klopot. In light of Plaintiff's admission, Plaintiff cannot now cure his AC with contrary allegations.

As to the second *Devereaux* criteria, Plaintiff does not allege that Defendants used overly coercive or abusive investigative techniques which they knew or should have known would yield

false information. Rather, as discussed above, Plaintiff indicates that Defendants believed Ms. Klopot's allegations over his. This is not sufficient to support a deliberate fabrication of evidence claim. For instance, "mere allegations that Defendants used interviewing techniques that were in some sense improper, or that violated state regulations, without more, cannot serve as the basis for a claim under § 1983." *Devereaux*, 263 F.3d at 1075 (noting that there is no constitutional right to have a criminal investigation carried out in a particular way).

The Court previously granted Plaintiff leave to amend to cure the deficiencies in his pleadings as to his § 1983 claim, but he has failed to do so. Plaintiff's allegations are still too conclusory, and the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While it is appears that Plaintiff believes he has significant grievances based on the underlying state family law proceedings in this case, he admits that Defendants based their investigation on Ms. Klopot's "expert[] and convincing[] report." IC at 56. Therefore, Plaintiff fails to state a viable § 1983 claim against Defendants and leave to amend would be futile.

## CONCLUSION

Based on the analysis above, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings. As Plaintiff has admitted that Defendants based their investigation on Ms. Klopot's allegations, and his complaint establishes that Defendants could not have known or have been expected to know whether Plaintiff was innocent, the Court finds that Plaintiff has failed to state a claim under § 1983. As Plaintiff cannot cure his AC with contrary allegations, the Court **DISMISSES** this case **WITHOUT LEAVE TO AMEND**. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: March 19, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge